James J. BODMANN, Lucille Bodmann, Plaintiffs–Appellants,

v.

JP MORGAN CHASE BANK, N.A., Suntrust Mortgage, Inc., Defendants–Appellees.

No. 14–2841–cv.

United States Court of Appeals, Second Circuit.

May 27, 2015.

James J. Bodmann, Lucille Bodmann, pro se, Massapequa, NY, for Plaintiffs–Appellants.

**48**

Brian A. Herman, Mary Claire Dekar, Morgan, Lewis & Bockius LLP, New York, NY, for Defendant–Appellee, JP Morgan Chase Bank, N.A.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Appellants James J. Bodmann and Lucille Bodmann, proceeding *pro se,* appeal the District Court's dismissal of their 42 U.S.C. § 1983 complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo,* construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs' favor. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Upon review, we conclude that the District Court properly dismissed Appellants' claims because they failed to allege either state action or a violation of their constitutional rights. We affirm for substantially the reasons stated by the District Court in its thorough July 7, 2014, memorandum and order.

We have considered all of Appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.